## Case No. 5,408.

### In re GIFFORD.

[16 N. B. R. 135.] [1]

District Court, W. D. Michigan. Aug. 4, 1877.

BANKRUPTCY—RIGHT TO DISCHARGE — CONSENT—INVOLUNTARY BANKRUPTCY.

1. In the absence of consent by creditors in voluntary cases, no matter when commenced nor when the debts were contracted, the assets must pay thirty per cent., or there can be no discharge.

[Cited in Re Townsend, 2 Fed. 562.]

2. In compulsory cases, if otherwise entitled thereto, the bankrupt is entitled to a discharge irrespective of the assent of creditors or the amount of his assets.

[In bankruptcy. In the matter of Haviland Gifford.]

Arthur Brown, for bankrupt.

Edwards & Sherwood, for creditor.

WITHEY, District Judge. Sept. 26, 1876, a voluntary petition was filed and an adjudication followed. Debts have been proved upon which the bankrupt is liable as principal debtor, all contracted prior to January, 1869. There were no assets. Under such a state of facts a discharge is asked. The law now in force applicable to the question is the 9th section of the act of June 22, 1874 [18 Stat. 178], which declares: "In cases of voluntary bankruptcy, no discharge shall be granted to a debtor whose assets shall not be equal to thirty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number, and one-third in value; and the provision in section 33 of the act of March second, eighteen hundred and sixty-seven [14 Stat. 533], requiring fifty per centum of such assets, is hereby repealed." Section 21 of the same act repeals all acts and parts of acts inconsistent with the provisions of this act.

Nevertheless, it is contended for the bankrupt that the previous condition of the law, which gave a discharge as to all debts contracted prior to 1869, whether the assets pay anything or not, entitles this applicant to a

[1] [Reprinted by permission.]

discharge. Original section 33 (14 Stat. 533); amendment of 1868 (15 Stat. 227, § 1); additional amendment of 1870 (16 Stat. 276, § 1).

We know of no decided case that sustains such proposition, and if any was cited we could not follow it unless it was rendered by a court whose decision would be binding on this court. In re Sheldon [Case No. 12,747] is cited; also In re Francke [Id. 5,046]. In both those cases the petition and adjudication were prior to the passage of the act of June 22, 1874, and it was therefore held they were governed, as to the question of discharge, by the condition of the law as it existed prior to the change in 1874.

First. We have to say that the cases, if correctly decided, are not applicable or authority in the case at bar. They were cases pending prior to the passage of the act of 1874, and therefore held not to be governed by it. This case was commenced subsequent to the enactment of 1874, and therefore is governed by it.

Second. Mr. Justice Miller, at the circuit, in Re King [Case No. 7,781], holds the opposite view to that expressed by Judge Blatchford. See, also, Judge Lowell, in Re Griffiths [Id. 5,825]. The cases referred to were all involuntary, but the point decided in each is alike applicable to voluntary cases. It is simply a question as to the application of a remedial statute. We fully agree with the views expressed in the last-named two cases. The act of 1874 governs in both voluntary and involuntary cases. As to involuntary cases we have so held in several instances, in none of which has an opinion been written.

As the law now stands we hold that in the absence of consent by creditors in voluntary cases, no matter when commenced nor when debts were contracted, the assets must pay thirty per cent., not fifty per cent., or there can be no discharge; whereas in compulsory cases the bankrupt, if otherwise entitled thereto, is entitled to a discharge irrespective of the assent of creditors or the amount of his assets.

We have prepared this brief opinion in order to promulgate the conclusions of this court on the questions and points stated, and thus avoid having them again argued before us.